UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CELESTE M. GONSALVES, | CIV. NO. 22-00322 LEK-RT |
| Plaintiff, | |
| vs. | |
| STUART B. GLAUBERMAN, | |
| Defendant. | |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT AND
RESERVING RULING ON PLAINTIFF'S APPLICATION TO
PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On July 25, 2022, pro se Plaintiff Celeste M. Gonsalves ("Gonsalves") filed her Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 4.] For the reasons set forth below, the Complaint is hereby dismissed without prejudice, and this Court will reserve ruling on the Application. In other words, Gonsalves will be allowed to file an amended complaint to try to cure the defects in the Complaint that are identified in this Order, and this Court will rule on the Application if any portion of the amended complaint survives the screening process. Gonsalves's amended complaint must be filed by **November 30, 2022.**

**DISCUSSION**

According to the Complaint, Gonsalves previously rented a home from Defendant Stuart B. Glauberman ("Glauberman") under a "City & County of Honolulu Section 8 Lease" ("Section 8 Lease"). [Complaint at pg. 1.]  This appears to refer to the low-income housing assistance program under Section 8 of the Housing Act of 1937, 42 U.S.C. § 1437f ("Section 8").  Gonsalves states the rental property was "an ADA compliant home." [Complaint at pg. 2.]  This appears to refer to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

Gonsalves alleges Glauberman forged a new lease by copying portions of her Section 8 Lease, including her signature, and omitting other portions, including the Section 8 certification.  She also alleges Glauberman used the forged lease to initiate a summary possession action against her, even though the eviction moratorium ordered by State of Hawai`i Governor David Ige was in effect.  Gonsalves was ultimately evicted.  [Complaint at pgs. 1-2.]

Gonsalves states that, because of Glauberman's actions, she suffered various types of harm, [id. at pg. 2,] but Gonsalves does not identify the specific causes of actions she is asserting.  She seeks $50,000 in general and special damages, as well as unspecified amount of punitive damages.  [Id.]

## STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[1] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per

---

[1] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

curiam))).  The court also recognizes that
"[u]nless it is absolutely clear that no
amendment can cure the defect . . . a pro se
litigant is entitled to notice of the complaint's
deficiencies and an opportunity to amend prior to
dismissal of the action."  Lucas v. Dep't of
Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also
Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic]
Cir. 2000).

          Despite the liberal pro se pleading
standard, the court may dismiss a complaint
pursuant to Federal Rule of Civil
Procedure 12(b)(6) on its own motion.  See Omar
v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th
Cir. 1987) ("A trial court may dismiss a claim
*sua sponte* under [Rule] 12(b)(6).  Such a
dismissal may be made without notice where the
claimant cannot possibly win relief."); see also
Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725,
727 (D.C. Cir. 1990) (holding that district court
may dismiss cases *sua sponte* pursuant to
Rule 12(b)(6) without notice where plaintiff
could not prevail on complaint as alleged). . . .
"Federal courts are courts of limited
jurisdiction," possessing "only that power
authorized by Constitution and statute."  United
States v. Marks, 530 F.3d 799, 810 (9th Cir.
2008) (quoting Kokkonen v. Guardian Life Ins.
Co., 511 U.S. 375, 377 (1994)).  The assumption
is that the district court lacks jurisdiction.
See Kokkonen, 511 U.S. at 377.  Accordingly, a
"party invoking the federal court's jurisdiction
has the burden of proving the actual existence of
subject matter jurisdiction."  Thompson v.
McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1

(D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some

citations omitted), *reconsideration denied*, 2017 WL 830966

(Mar. 2, 2017).

## DISCUSSION

### I.   Federal Question Jurisdiction

28 U.S.C. § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Gonsalves appears to refer to two federal statutory schemes in the Complaint, Section 8 and the ADA.  Because Gonsalves is proceeding pro se, her Complaint must be liberally construed. See Eldridge, 832 F.2d at 1137.  However, even liberally construed, the Complaint does not assert claims that arise under either one of those federal statutory schemes.  Section 8 and the ADA appear to be relevant only as part of the factual background of Gonsalves's claims.

Gonsalves's claims arise from the alleged forgery of a new lease and Glauberman's initiation of summary possession proceedings during the eviction moratorium, which apparently resulted in Gonsalves's eviction.  Thus, Gonsalves may be attempting to assert, among other things, a fraud claim, a wrongful eviction claim, and a breach of contract claim. Because these are all state law claims, federal question jurisdiction is lacking in this case.  See § 1331.

## II.  <u>Diversity Jurisdiction</u>

Federal courts have diversity jurisdiction over

> all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> > (1)  citizens of different States;
> >
> > (2)  citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> >
> > (3)  citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> >
> > (4)  a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

Because Gonsalves seeks $50,000 in general and special damages and an unspecified amount in punitive damages, the Complaint does not meet the amount-in-controversy requirement for diversity jurisdiction.  <u>See</u> <u>id.</u>  Further, because the Complaint does not include allegations about each party's respective citizenship, the diversity of citizenship

requirements are not met.  See § 1332(a)(1), (2).[2]  Diversity

jurisdiction is therefore lacking in this case.

## III. <u>Dismissal and Leave to Amend</u>

Because neither federal question jurisdiction nor

diversity jurisdiction exists in this case, Gonsalves's

Complaint must be dismissed for lack of subject matter

jurisdiction.  Because Gonsalves is pro se and it is arguably

possible for Gonsalves to cure the deficiencies identified in

the Complaint, the dismissal must be without prejudice, meaning

that Gonsalves must be given the opportunity to file an amended

complaint.  See Lucas, 66 F.3d at 248.  If Gonsalves chooses to

file an amended complaint, she must do so by **November 30, 2022**.

Gonsalves's amended complaint must include all of the claims

that she wishes to allege, and all of the allegations that her

claims are based upon, even if she previously presented them in

the original Complaint.  She cannot incorporate any part of her

original Complaint into the amended complaint by merely

referring to the original Complaint.  Gonsalves is cautioned

that, if she fails to file her amended complaint by **November 30,**

**2022,** or if the amended complaint fails to cure the defects

identified in this Order, her claims will be dismissed with

_____

[2] Section 1332(a)(3) does not apply because Gonsalves and
Glauberman are the only parties in this case, and § 1332(a)(4)
does not apply because the plaintiff is not a foreign state.

prejudice – in other words, without leave to amend.  Gonsalves would then have no remaining claims in this district court, and the Clerk's Office would be directed to close the case.

Only a preliminary screening of the Complaint has been conducted.  If Gonsalves files an amended complaint, a further screening will be conducted, including – but not limited to – analyzing whether each of her claims satisfies the Rule 12(b)(6) standard.

## IV.  <u>Application</u>

Insofar as the Complaint has been dismissed with leave to amend, it is not appropriate to rule on the Application at this time.  This Court will therefore reserve ruling on the Application until Gonsalves files an amended complaint.  If any portion of Gonsalves's amended complaint survives the screening process, this Court will then rule upon the Application and address whether Gonsalves is entitled to proceed without prepaying fees and costs.

<u>CONCLUSION</u>

On the basis of the foregoing, Gonsalves's Complaint, filed July 25, 2022, is HEREBY DISMISSED.  The dismissal is WITHOUT PREJUDICE to the filing of an amended complaint that cures the defects identified in this Order.  Gonsalves is GRANTED leave to file her amended complaint by **November 30,**

**2022.**  The amended complaint must comply with the terms of this Order.

In addition, the Court HEREBY RESERVES RULING on Gonsalves's Application to Proceed in District Court Without Prepaying Fees or Costs, filed July 25, 2022.  If Gonsalves chooses to file an amended complaint, and at least a portion of it survives the screening process, the merits of the Application will be addressed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 30, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CELESTE M. GONSALVES vs. STUART B. GLAUBERMAN; CV 22-00322 LEK-RT; ORDER DISMISSING PLAINTIFF'S COMPLAINT AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**